■ PATRICK J. CORR, Respondent, v. OTTAWAY NEWSPAPERS-RADIO INC., ORANGE COUNTY PUBLICATIONS DIVISION, et al., Appellants, et al., Defendant.— In an action to recover damages for libel, defendants other than John Weld appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County, dated February 14, 1967, as denied their motion insofar as it was (1) to dismiss the complaint for failure to state a cause of action, pursuant to CPLR 3211 (subd. [a], par. 7), and (2) to preclude plaintiff from giving evidence as to items in appellants' demand for a bill of particulars. Order affirmed insofar as appealed from, with $10 costs and disbursements. In our opinion, appellants' argument that the allegedly defamatory publications concerning plaintiff, a New York State Trooper, are subject to the qualified privilege described in *New York Times Co. v. Sullivan* (376 U. S. 254) is premature. For the purposes of the instant motion, which attacks only the face of the pleadings, the allegations charging actual malice are sufficient to take this case outside the scope of the rule announced in that case. Similarly, for the purposes of this motion, appellants' contentions as to the availability of the defense of fair comment under *Julian v. American Business Consultants* (2 N Y 2d 1) must fail since the complaint alleges, *inter alia,* the falsity of the reported facts upon which the opinions expressed were based. Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ In the Matter of ANNA E. GASSNER, Appellant, v. BOARD OF EXAMINERS OF THE CITY OF NEW YORK, Respondent.— Appeal from so much of a judgment of the Supreme Court, Kings County, dated June 19, 1967, as denied petitioner's application and dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs, and proceeding remitted to the Special Term for the purpose of enabling petitioner and respondent to submit oral and written arguments concerning the legality of the standards used by respondent in its rating of petitioner's training and experience. No questions of fact were considered on this appeal. The order of this court entered upon petitioner's prior appeal herein (*Matter of Gassner v. Board of Examiners of City of N. Y.,* 27 A D 2d 662) did not direct the holding of a trial with respect to the objectivity of the standards used by respondent in rating petitioner's training and experience. Not having had respondent's rating schedule before us, we could not have said that an issue of fact existed with respect to the standards contained in the schedule. Hence, upon the remission of this proceeding to the Special Term on the prior appeal, it was error for petitioner to move for the fixing of a date for a trial of the above issue. However, it was error for the Special Term, in denying petitioner's motion, to dismiss the petition herein, relief for which respondent had not cross moved (CPLR 2215; *Lowenkron v. Berkeley Coop. Towers Sec. 11 Corp.,* 25 A D 2d 656). By so doing the Special Term deprived petitioner of an opportunity to advance her arguments against the legality of respondent's rating schedule. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.